## VISER VS. BERTRAND.

Where instructions have been refused, in the words asked for, though legal and appro-
priate to the case, yet the party has no cause of complaint if the court give other
instructions, the same in substance.

Where a question arises, in an action of assumpsit for money paid, whether the pay-
ment was on account of an agreement to compound a divorce suit, or for the
purpose of settling the rights of the parties to the divorce, to property, the defendant,
having proved the fact of divorce, is entitled to an instruction, that upon a divorce,
legally obtained, the wife is entitled to all the property which came to her husband
by the marriage.

An authority or power coupled with an interest, or given for a valuable consideration,
unless there is an express stipulation that it shall be revocable, cannot be revoked
by the party executing it: as where the husband makes an appointment or consti-
tution of an agent to take charge of certain property and hire it out and appropriate
the proceeds to the use of his wife and daughter.

A power of attorney, executed by a husband to an agent to receive certain property
and hire it out for the benefit of his wife and daughter, is admissible in evidence in
a case where the question is, whether money was advanced for the wife, and paid
to the husband, solely on account of his interest in such property, or whether an
agreement to compound a divorce suit constituted any part of the consideration of
the payment to the husband.

*Appeal from Pulaski Circuit Court.*

Hon. WILLIAM H. FEILD, Circuit Judge.

The facts in this case are stated in the opinion of the court, at
a former term.  See 14 *Ark.*, *p.* 268.  It is only deemed material
to state, more fully than in the following opinion, the instrument
of writing upon which the fourth instruction asked for by defen-
dant, was based : which, purports to be a deed of trust, execu-
ted by A. F. Viser, to William Brown, reciting that by virtue of

his marriage with the defendant, he was invested by law with the authority and power to control and appropriate the hire and proceeds of certain negro slaves, the separate property of his wife, the defendant, and her daughter; and he being desirous of absenting himself from his family for the purpose of pursuing his own business, and appointing some person to manage the slaves and appropriate the hires to the support of the defendant and her daughter, and proceeds as follows: "Now, therefore, in consideration of the sum of one hundred dollars, to me in hand paid, the receipt whereof I do hereby acknowledge, I do hereby appoint and constitute the said William Brown, senior, a trustee, to perform all the duties I ought to perform in the premises, and to hire out and appropriate the proceeds of said negroes, when hired, to the benefit of said Mary E. B. Viser, and her daughter, Eglantine E. Hamilton, as it appropriately belongs, and hereby investing him with all the power I possess, by virtue of my marriage for that purpose, and hereby requiring that he shall be responsible for the execution of this trust to the said Mary E. B., and to the proper guardian of the said Eglantine, at all proper times, and no other person whomsoever, and not, in anywise, responsible to me."

Before the Hon. C. C. SCOTT and DAVID WALKER, Judges, and Hon. THOMAS JOHNSON, Special Judge.

FOWLER, for the appellant. Assuming the instrument to be a mere power of attorney, as the legal witness supposed it to be, and as the court below must have supposed it to have admitted such evidence, still, and notwithstanding, *it is well settled law*, that *such a power cannot be revoked* by the *principal* alone, or with the *renunciation* of him who is to execute it.

This power was to act and receive hire and preserve property, for the exclusive benefit of Mrs. Viser and her daughter; and was, therefore, not revocable by Viser—they had a vested right in its execution, which he could not take away from them. See *Story on Agency, sec.* 477, 485, 488; *Wassell vs. Reardon*, 11

20B

*Ark. Rep.* 712; *Hunt vs. Rousmanier*, 5 *Cond. Rep.* 403, 404, 406; 2 *Livermore on Agency*, 308, 309; *Story on Contracts, sec.* 339.

Nor could the agent Brown *renounce* the agency, so as to deprive them of their vested rights. *Story on Agency, sec.* 477; *Wassell vs. Reardon*, 11 *Ark. Rep.* 712.

And the deed of trust to Brown was read in evidence by Mrs. Viser, without objection; and was proper evidence to rebut the case attempted to be established by Bertrand, though an utter failure, that the *relinquishment* of Viser's claim to the negroes was the sole consideration of the $300, and not the *unlawful agreement to let a decree for the divorce pass without opposition.* See *McLain vs. Churchill*, 5 *Ark. Rep.* 243.

The refusal to give Mrs. Viser's instructions, couched in proper language, and enumerating the true rules of law, and then giving modified and evasive instructions, were acts well calculated to, and doubtless did, *mislead the jury.* And all such refusals and charges are erroneous, and entitle the aggrieved party to a new trial or reversal, as the case may be. See *Samuel vs. Cravens*, 10 *Ark. Rep.* 396; *Jones vs. Talbot*, 4 *Missouri Rep.* 285; *Hickman vs. Griffin, ib.* 43; *Yocum vs. Polly*, 1 *Ben Monroe Rep.* 360; *Elling vs. The United States Bank*, 6 *Condensed Rep.* 220.

BERTRAND, contra.

Hon. THOMAS JOHNSON, Special Judge, delivered the opinion of the Court.

This is the second time this case has been in this court, and we are relieved from the necessity of investigating several questions of law that were originally presented. The most serious objection urged against the first verdict and judgment, was, that the appellant being a *feme covert* at the time of the original promise, was not legally bound by her subsequent promises. The decision of this court, as collected from a majority of the opinions

delivered, was to the effect, that the original promise to pay the item of three hundred dollars, was binding upon her separate property in equity, and that consequently she was legally bound by her subsequent promise based upon such consideration, in the event that the contract rested alone upon Viser's interest, or supposed interest, in her separate property, and was not, in any way, affected by the taint of collusion, in compounding the suit instituted by the appellant against Mr. Viser for a divorce. See 14 *Ark. R.* 267, *et seq.* When the cause was remanded, and put before the jury a second time, the same evidence originally introduced, with an addition by A. W. Webb, was again submitted; and, under an express and positive instruction, that in case the taint of collusion entered into the consideration of the contract, for the item of three hundred dollars, the plaintiff could not recover as to that. They found the entire sum claimed in his favor, and he had judgment accordingly.

But, it is insisted, that the court erred in refusing certain instructions; and, also, in giving others against the objection of the appellant; and, also, in permitting illegal evidence to go to the jury. The objections taken to the refusal of the instructions offered, when the case was before the jury the first time, are now waived, as they were virtually overruled by this court when it was here before; and, consequently, they are now out of the case. The first instruction, submitted upon the last trial before the Circuit Court, and which is now insisted upon, is, that : "If the proposition to pay the $300 spoken of by the witness, to Viser, the husband, was in any way coupled with the withdrawal of defence or opposition to the divorce case, the contract was void, and the plaintiff cannot recover." The second is of a precisely similar import, and, therefore, it is not necessary to transcribe it into this opinion. The third was that Mrs. Viser was entitled, on a divorce legally obtained, to have decreed to her and delivered into her possession, all property which she inherited, or got from her father, and which came to him by the marriage, and Viser had no right thereto, upon and after said divorce. The fourth and

last, is, that the "deed of Viser read by defendant, could not be revoked, and upon the facts admitted, upon a legal divorce obtained by Mrs. Viser, her husband could have held none of the negroes." The appellant was clearly entitled to the benefit of the two first, and in case they shall not have been substantially given, her right to a reversal is equally undeniable. But after the court refused the four instructions submitted by her, it proceeded upon its own motion, and against her objection, to give in lieu thereof, the following, to wit:

"If the $300 claimed by plaintiff, or any part of it, was promised by defendant, in consideration of the husband Viser, withdrawing his opposition to the divorce case, then plaintiff cannot recover." And 2d. "If the $300 was paid by plaintiff for the sole purpose of divesting the husband of all rights of his to the negroes, then the plaintiff may recover, if the jury is satisfied that the money was paid for her, and for her benefit."

These last two, and which were given in charge, were the same, in substance, as the two that were refused, touching the same question; and, consequently, the error is cured, and no room is left for dissatisfaction or complaint. The third instruction asked and refused by the court, should have been given. The fact that a divorce had been pronounced, was established by the testimony: and the appellant was entitled to a declaration of the law from the court, as to the effect of such decree, upon the interest that Viser had in the negroes. The fact that any interest of Viser's in the negroes would cease *eo instanti*, upon the dissolution of the marriage tie, is a circumstance from which the jury would be authorized to infer that the divorce might have had more or less influence upon her mind, either as a preferred mode of acquiring his interest, or as an additional or double security co-operating with the purchase. That the legal effect of the divorce would have been to restore to her the sole use and control of all her separate estate which was undisposed of at that time, there can be no doubt: and, consequently, she was entitled to the sense of the jury upon the question, whether

she relied in whole or in part, for the enjoyment of such interest, upon the decree for a divorce; and, consequently, whether it formed any part of the consideration of the contract for the three hundred dollars. If the contract entered into between the appellant and Viser, her husband, was even void in law, for want of consideration, yet the appellee's right to recover, in the present action, in the absence of fraud or collusion, could not be questioned; or to be more explicit, although the contract for Viser's interest in the negroes might not be enforcible, either in law or equity, for want of consideration as between themselves, yet this suit, being founded upon another and different contract, could not be, in the slightest degree, affected by it.

The only question, then, that was presented under the state of case as made out, was whether the compounding of the divorce suit entered into the consideration of the contract, as between the appellant and Viser, her husband, for the three hundred dollars.

This brings us to the consideration of the fourth and last instruction. This ought also to have been given. Where an authority or power is coupled with an interest, or where it is given for a valuable consideration, or where it is a part of a security, there, unless there is an express stipulation that it shall be revocable, it is, from its own nature and character, in contemplation of law, irrevocable, whether it is expressed to be so upon the face of the instrument conferring the authority or not. See *Story on Agency*, 616. The instrument under consideration is not expressed upon its face to be revocable; and, consequently, if it falls within either of the descriptions here enumerated, it could not be revoked. It is manifest that it cannot be regarded as a deed of trust, in a strict technical sense, since it does not contain the operative words of grant, bargain and sell, or any other words of like import; but on the contrary, it shows a mere appointment or constitution of an agent, to take charge of the property designated, and to hire it out, and to appropriate the proceeds to the use of the appellant and her daughter. But it is a power foun-

ded upon a valuable consideration; and, consequently, not revo-
cable, since there is no express stipulation for that purpose. If
this be the correct construction to be given to the deed in ques-
tion, it follows of necessity, that the parol evidence of its revoca-
tion, was improperly received. The instrument was clearly com-
petent evidence to rebut the presumption that the interest of
Viser in the negroes constituted the sole consideration of the pro-
mise to pay him the three hundred dollars. It furnished a cir-
cumstance, but of what weight, the jury alone were competent
to decide. The deed showed that the whole interest of Viser,
whatever it may have been, had passed out of him, and vested
in the appellant and her daughter, prior to the date of the con-
tract for the three hundred dollars sued for; and, as a matter of
course, she was entitled to have the benefit of their judgment, in
ascertaining whether she was satisfied with such title as had al-
ready been conferred upon her by the deed; and the divorce
being the only other consideration, whether she did or did not
base her promise upon such consideration. If the jury should
have believed that she was not satisfied with her title under
the deed, or that she doubted whether, under the circumstan-
ces, and in view of the relation then subsisting between herself
and Viser, any title either had or could pass to her, or whe-
ther she supposed that, by making the purchase again, and
that in her own name, and in her individual right, she could
enjoy her property more quietly, and be freed from any appre-
hended annoyance from Viser, or from any other imaginable
cause, that she looked wholly and solely to the interest in the
negroes, and not in the minutest degree to any benefit which
she might derive from the divorce, she was most clearly and un-
questionably, entitled to the benefit of it. The Circuit Court,
therefore, erred in receiving the parol evidence going to revoke
the deed, because the jury were thereby authorized to disregard
it; and, consequently, to deprive the appellant of such presump-
tions as it might have raised to repel the case attempted to be
established against her. We think, that for these errors, the

judgment ought to be, and the same is, hereby reversed, and remanded to be proceeded in, according to law, and not inconsistent with this opinion.

Chief Justice ENGLISH not sitting in this case.